UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-cv-00457-MOC-DCK

| | |
|---|---|
| **DAVID MCKENITH SR**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) ORDER |
| | ) |
| **JAMES PHILLIPS**, | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on defendant's Motion to Dismiss, plaintiff's *pro se* Response, and defendant's Reply. Inasmuch as plaintiff is proceeding without counsel, the Honorable David C. Keesler, United States Magistrate Judge, entered an Order in accordance with Roseboro v. Garrison, 582 F.2d 309 (4th Cir. 1975), advising plaintiff of his right to respond to the Motion to Dismiss. It appearing that the motion has been fully briefed, the Court enters this Order dismissing the Complaint in accordance with Rule 12(b)(6), Federal Rules of Civil Procedure.

**FINDINGS AND CONCLUSIONS**

**I.    Background**

This is an employment discrimination wherein plaintiff alleges that he was terminated from his employment because of his race, his age, and because defendant created a hostile work environment. He has named as the only defendant his supervisor, Defendant James Phillips, who is the person he believes is responsible for his termination from Sam's Mart Stores, doing business as 7-Eleven. Plaintiff maintains that Defendant Phillips discriminated against him on the basis of

race, in violation of Title VII, and age, in violation of the Age Discrimination in Employment Act ("ADEA"), and that Defendant Phillips created a hostile work environment. Complaint at ¶ C.6.

While plaintiff's Complaint details the interactions with Defendant Phillips which lead to his termination, the Complaint does not reveal that Defendant Phillips is plaintiff's employer; rather, the pleading reveals that the defendant was plaintiff's supervisor. Further, while plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") prior to filing this lawsuit and checked the "Race" block, the Statement of Discrimination contained no claims of race discrimination, but instead claimed that he "ha[d] been discriminated against because of . . . disability and for opposing practices in violation of the Americans with Disabilities Act." Id. at 10. He explained that he had been subjected to "severe and pervasive harassment due to . . . disability . . ." and that he requested a "reasonable accommodation[]" but was denied. Id. After the EEOC denied these claims, plaintiff filed a request for reconsideration, therein alleging that he was terminated because Defendant Phillips falsely reported that Plaintiff abandoned his job and thereby caused Plaintiff to be terminated. Id. at 13. Plaintiff did not, however, assert that either race or age discrimination was a basis for his termination.

**II.     Rule 12(b)(6) Standard**

In determining whether a claim can survive a motion under Rule 12(b)(6), the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) that the "no set of facts" standard only describes the "breadth of opportunity to prove what an adequate complaint claims, not the minimum adequate pleading to govern a complaint's survival." Id. at 563. The Court specifically rejected use of the "no set of facts" standard because such standard would improperly allow a "wholly conclusory statement of claim" to "survive a motion to dismiss whenever the

pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." Id. at 561 (alteration in original). Post Twombly, to survive a Rule 12(b)(6) motion to dismiss, a claimant must allege facts in his complaint that "raise a right to relief above the speculative level." Id., at 555.

> [A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do ....

Id. (second alteration in original; citation omitted). Further, a complaint will not survive Rule 12(b)(6) review where it contains "naked assertion[s] devoid of further factual enhancement." Id., at 557. Instead, a claimant must plead sufficient facts to state a claim for relief that is "*plausible* on its face." Id. at 570 (emphasis added).

After Twombly, the Supreme Court revisited the Rule 12(b)(6) pleading standard in Ashcroft v. Iqbal, 556 U.S. 662 (2009). In Iqbal, the Court determined that Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Id. at 678. The Court explained that, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" Id. (citing Twombly, supra; emphasis added). What is plausible is defined by the Court:

> [a] claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Id. This "plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully." Id. Thus, a complaint falls short of the plausibility standard where a plaintiff pleads "facts that are 'merely consistent with' a defendant's liability ...." Id. While the court accepts plausible factual allegations made in a claim as true and considers those facts in the light most

-3-

favorable to plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

In sum, when ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*) (citations omitted). A complaint "need only give the defendant fair notice of what the claim is and the grounds upon which it rests." Id., at 93 (alteration and internal quotation marks omitted). However, to survive a motion to dismiss, the complaint must "state[ ] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950. To survive a motion to dismiss, a plaintiff need not demonstrate that his right to relief is probable or that alternative explanations are less likely; rather, he must merely advance her claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 570. If his explanation is plausible, the complaint survives a motion to dismiss under Rule 12(b)(6), regardless of whether there is a more plausible alternative explanation. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).

The Court is mindful of the latitude extended to the pleadings of pro se litigants. Haines v. Kerner, 404 U.S. 519, 520 (1972) (courts should "[c]onstru[e] [a pro se] petitioner's inartful pleading liberally"). However, courts cannot act as the pro se plaintiff's advocate or develop claims which the plaintiff failed to raise clearly on the face of his complaint. Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that district

courts are not expected to assume the role of advocate for the pro se plaintiff).

**III. Discussion**

    **A. Supervisory Liability**

Plaintiff's claim against his supervisor must be dismissed because it is well-settled that there is no supervisory liability under either Title VII or the ADEA. Supervisors are not liable in their individual capacities under Title VII. Lissau v. Southern Food Serv., Inc., 159 F.3d 177, 180 (4th Cir. 1998). Likewise, there is no individual liability under the ADEA. Birkbeck v. Marvel Lighting Corp., 30 F.3d 507, 510 (4th Cir. 1994) (holding that "[p]ersonal liability would place a heavy burden on those who routinely make personnel decisions for enterprises … and we do not read the [ADEA] as imposing it."). Nothing in the Complaint or in the Response suggests that Defendant Phillips was anything other than plaintiff's supervisor and it is readily apparent that Sam's Mart Stores was his employer. Thus, the Complaint must be dismissed as a matter of law.

Further, the Court determines that because this defect cannot be cured by amendment, this dismissal must be with prejudice. Here, there are no possible amendments to this Complaint that would allow plaintiff to proceed against this supervisory defendant as plaintiff had no legal right to bring these particular causes of action against his employer. GO Computer, Inc. v. Microsoft Corp., 508 F.3d 170, 176 (4th Cir. 2007); Domino Sugar Corp. v. Sugar Workers Local Union 392, 10 F.3d 1064 (4th Cir. 1993).

    **B. Failure to Exhaust Administrative Remedies**

Even if plaintiff had sued a party capable of being sued under Title VII or the ADEA – to wit, his employer Sam's Mart Stores – those claims would be procedurally defaulted because he failed to exhaust his remedies with the EEOC as to those claims. While plaintiff checked the

"race," "color," "sex," "retaliation," and "disability" boxes on his charge, Compl. at 10, he did not check the box for "age" and did not mention age or race in the narrative of his charge or cite to the ADEA or Title VII in any way anywhere in the charge. It is well settled that simply checking boxes on the administrative charge form does not satisfy the exhaustion requirement. Sloop v. Mem'l Mission Hosp., Inc., 198 F.3d 147, 149 (4th Cir. 1999). Instead, courts look to the factual allegations and the narrative to determine whether the charges have been fairly presented in the administrative process. Howell v. N. Carolina Cent. Univ., No. 1:16CV576, 2017 WL 2861133, at *6 (M.D.N.C. July 5, 2017). Turning to the administrative charge, plaintiff contended that he was harassed because of his disability, was denied reasonable accommodations, and was terminated in retaliation for requesting reasonable accommodations after requesting a transfer to a new store. While it is also clear that plaintiff asked for reconsideration after he received the denial and right to sue letter and included in that request some of the allegations contained in this Complaint, he in no manner requested that his charge of discrimination be amended or ever filed a new charge of discrimination with the EEOC. The decision of the Court of Appeals for the Fourth Circuit in Sloop is again instructive and provides, as follows:

> [e]ven if [plaintiff] had subjectively believed she had amended her charge by sending the letter [two months after initially filing her charge], it would be objectively illogical to view a private letter from a complaining party to the EEOC as constructively amending a formal charge, given that one of the purposes of requiring a party to file charges with the EEOC is to put the charged party on notice of the claims raised against it.

Sloop, 198 F.3d at 149. Thus, plaintiff's failure to first exhaust his administrative remedies as to the claims asserted in this action also requires dismissal. Plaintiff is now time-barred from filing another charge based on the allegations he included in his Complaint. Tagirova v. Elizabeth City State Univ., No. 2:16-CV-70-D, 2017 WL 4019516, at *3 (E.D.N.C. Sept. 11, 2017). Because that

error cannot now be cured by amendment, dismissal for this reason will also be with prejudice. Goode v. Cent. Virginia Legal Aid Soc'y, Inc., 807 F.3d 619, 624 (4th Cir. 2015).

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Dismiss (#8) is **GRANTED**, and this action is **DISMISSED** with prejudice.

Signed: February 4, 2019

Max O. Cogburn Jr.
United States District Judge